IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARLA BOOKER-LUTON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:26-CV-2156-D |
| | § | (Consolidated with |
| VS. | § | Civil Action No. 3:26-CV-2160-D) |
| | § | |
| AMGEN INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In these consolidated actions, *pro se* plaintiff Marla Booker-Luton ("Booker-Luton") petitions to vacate an arbitration award ("Award") and defendant Amgen Inc. ("Amgen") petitions to confirm the Award. For the reasons that follow, the court denies Booker-Luton's petition, grants Amgen's petition, and enters judgment in favor of Amgen confirming the Award.

I

On October 11, 2024 Booker-Luton filed a demand for arbitration with the American Arbitration Association, alleging claims of discrimination pertaining to her employment at Amgen.[1] Consistent with the arbitration agreement, the parties agreed to a hearing in Dallas, Texas. On March 30, 2026 the arbitrator issued the Award, denying all of Booker-Luton's claims.

[1]Because Booker-Luton is proceeding *pro se*, the court construes the allegations of her petition liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (per curiam).

On June 25, 2026 Booker-Luton emailed Amgen's counsel, "writ[ing] to meet and confer regarding [her] intent to serve a Petition and Notice to Vacate the Arbitration Award issued on March 30, 2026[.]" D. App. (ECF No. 13-1) Ex. A at 2.[2] In this email, Booker-Luton wrote that she planned to proceed under 9 U.S.C. § 10, indicating that she had concerns relating to fraud, evident partiality, and other misconduct. She asked for Amgen's counsel to identify the preferred method of service and stated that, absent a response, she would "proceed with service using the last known addresses and contact information on record." *Id.*

On June 29, 2026 Booker-Luton filed in this court a petition to vacate the Award, alleging fraud, evident partiality, misconduct in refusing to postpone the hearing despite sufficient cause, and imperfect execution of the arbitrator's powers.[3] On the same day, in a separate action, Amgen filed a petition to confirm the Award. According to Booker-Luton, "service was completed" on July 10, 2026. P. Reply (ECF No. 15) at 1. She attributes the delay in service to circumstances beyond her control. Booker-Luton asserts that a court clerk notified her of an error in the summons on June 30 and issued a corrected summons, which she received on July 3. She maintains that, on July 6, she sent the completed filing package

---

[2]Unless otherwise indicated, all citations to the record are to the record in Civil Action No. 3:26-CV-2156-D.

[3]Booker-Luton also filed on June 29, 2026 a two-page motion to vacate arbitration award in which she refers to herself as the petitioner. In both this memorandum opinion and the judgment filed today, all references to Booker-Luton's petition incorporate this motion, unless the context indicates otherwise.

by overnight service, but that USPS delayed delivery to the process server until July 9. Service was then completed on July 10.

Amgen opposes Booker-Luton's petition to vacate the Award on both procedural and substantive grounds. Amgen contends that Booker-Luton failed to comply with the Federal Arbitration Act's ("FAA's") notice requirements under 9 U.S.C. § 12. Amgen also maintains that Booker-Luton's allegations under 9 U.S.C. § 10 lack evidentiary support and mischaracterize the record. The court is deciding the petitions on the briefs, without oral argument.

II

The FAA requires that "[n]otice of a motion to vacate . . . be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "Parties who fail to comply with the notice provision forfeit their right to seek judicial review of the arbitration award." *Mai v. Art Inst. of Dall. Aii, LLC*, 2023 WL 5986464, at *3 (N.D. Tex. Sept. 14, 2023) (Fitzwater, J.) (quoting *Richards v. Int'l Bus. Machs. Corp.*, 2022 WL 17637460, at *2 (N.D. Tex. Dec. 12, 2022) (Godbey, C.J.)). "The manner in which process is served depends on whether the adverse party to the [Petition] to Vacate is a resident of the district in which the arbitration award was made." *Moore v. Valero Ardmore Refinery*, 2015 WL 129985, at *2 (N.D. Tex. Jan. 9, 2015) (Lynn, J.). If the adverse party is a resident, "service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12. If not, "notice of the application shall be served by the marshal of any district within which the adverse party may

be found in like manner as other process of the court." *Id.*

III

Amgen contends that Booker-Luton did not timely serve "notice of [her] [petition] to vacate" under the FAA's notice requirements. *Id.* Neither party disputes that the Award was "filed or delivered" on March 30, 2026, making June 30, 2026 the deadline for service under 9 U.S.C. § 12. *Id.* The parties do disagree, however, about whether any of the following actions taken by Booker-Luton satisfies 9 U.S.C. § 12: (1) her June 25, 2026 email advising Amgen of her intent to file and serve a petition to vacate; (2) her June 29, 2026 filing of the petition; and (3) her July 10, 2026 service of the petition, which she contends was delayed by circumstances beyond her control.

IV

The court first considers Booker-Luton's June 25, 2026 email advising Amgen of her intent to file and serve a petition to vacate the Award.

A

Amgen contends that the email—a "'notice' *of intent* to file and serve a motion to vacate"—does not satisfy the FAA's notice requirements. D. Resp. (ECF No. 12) at 7 (emphasis in original). Booker-Luton, however, appears to disclaim that the email constituted service of notice of her petition to vacate.

In the email, Booker-Luton stated to Amgen's counsel that she sought to "meet and confer regarding [her] *intent to serve*" a petition and notice to vacate the arbitration award, and that she wanted to "address service logistics[.]" D. App. (ECF No. 13-1) Ex. A at 2

(emphasis added). In the same email, Booker-Luton asked whether Amgen's counsel was "authorized to accept service on behalf of Amgen" and whether counsel "prefer[red] service by email or personal service delivery[.]" *Id.* Booker-Luton advised Amgen's counsel that, absent a response, she would "*proceed* with service using the last known addresses and contact information on record." *Id.* (emphasis added). Taken together, these statements indicate that Booker-Luton viewed the email, not as an attempt to serve Amgen, but as an inquiry into *how* to properly serve Amgen.

In her reply brief, Booker-Luton appears to expressly disclaim that this email constituted service. She states: "Service on a nonresident is therefore effected as ordinary process under Federal Rule of Civil Procedure 4, which Plaintiff accomplished by serving Amgen's registered agent (CSC) through a registered process server—*not by email*." P. Reply (ECF No. 15) at 1 (emphasis added). In fact, she states in her reply that "service was completed . . . [on] July 10, 2026[.]" *Id.* at 1-2. Although Booker-Luton contends that she "served a meet-and-confer notice of her intent to vacate on June 25, 2026," *id.* at 2, she then clarifies that she "effected actual process service on [Amgen's] registered agent"—referring to the service made on July 10. *Id.* at 2.

B

The court holds that Booker-Luton's email does not constitute service of notice of her petition to vacate. The email, by its terms, presupposes that service is forthcoming; it does not constitute service itself.

## V

The court now considers whether Booker-Luton's June 29, 2026 filing of her petition to vacate in this court satisfies 9 U.S.C. § 12's notice requirements.

As noted above, the FAA requires that notice of a motion to vacate "be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "The plain language of the FAA requires more than mere filing[.]" *Am. Income Life Ins. Co. v. Alkurdi*, 2019 WL 2022220, at *2 (W.D. Tex. Apr. 25, 2019) (citing 9 U.S.C. § 12). Notice of "the motion to vacate or modify must be *served* on the adverse party" within the prescribed time period. *Id.* That is, merely filing a petition to vacate within the period prescribed by 9 U.S.C. § 12, without more, is insufficient; the petitioner *must serve* notice of the petition to vacate before the deadline. *See Smith v. Shell Chem. Co.*, 333 F.Supp.2d 579, 584 (M.D. La. 2004) ("[E]ven if the Court would consider the filing of plaintiff's complaint as sufficient to constitute notice of a motion to vacate, the plaintiff failed to serve the adverse parties in this matter within the three month time period allowed under the Act."); *see also Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572 (7th Cir. 2007) ("To the extent that our use of the term 'filing' . . . is misleading, we clarify now . . . that *service* of a motion to vacate is the act that stops the three-month statute of limitations."); *Ballantine v. Dominican Republic*, 2021 WL 5262555, at *2 (D.C. Cir. Oct. 22, 2021) (per curiam) ("Appellants' reading of 9 U.S.C. § 12 that 'must be served' actually means only 'filed' is almost frivolous. There is no indication that 'must be served' should be read inconsistently with its ordinary meaning.").

Accordingly, although Booker-Luton filed her petition in this court on June 29, 2026, before the June 30, 2026 deadline, this filing alone does not satisfy 9 U.S.C. § 12's notice requirements.

VI

The court next considers whether Booker-Luton's service of the petition on July 10, 2026 is sufficient to comply with the notice requirements of 9 U.S.C. § 12.

A

Booker-Luton contends that, because she filed her petition within the statutory period and "pursue[d] service with reasonable diligence," her service made on July 10 "relates back to the timely filing date[.]" P. Reply (ECF No. 15) at 2. In essence, Booker-Luton is arguing that she provided timely notice when the doctrine of equitable tolling is applied.[4]

B

Booker-Luton's reliance on equitable tolling, however, is unavailing for one central—and in this case dispositive—reason: in the Fifth Circuit equitable tolling does not apply to the deadlines in 9 U.S.C. § 12. "[T]here is no 'discovery rule' or 'equitable tolling'

---

[4]Equitable tolling may "toll" or suspend the running of a statute of limitations. It is warranted only in "rare and exceptional circumstances." *Richardson v. United States*, 2025 WL 2468196, at *2 (N.D. Tex. Aug. 26, 2025) (Fitzwater, J.) (quoting *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016)). A movant "is entitled to equitable tolling only if [she] shows (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way[.]" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2025))). Moreover, equitable tolling requires a litigant to pursue her rights with "reasonable diligence." *Id.* (quoting *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted)).

exception to the requirement in section 12 of the FAA that . . . defenses . . . [must] be asserted within three months from the time that the arbitration award is filed or delivered." *Cigna Ins. Co. v. Huddleston,* 1993 WL 58742, at *11 (5th Cir. Feb. 16, 1993) (per curiam) (unpublished table decision).[5] In other words, the FAA's three-month deadline is absolute. *See Brown v. Ally Fin. Inc.*, 2019 WL 6718672, at *3 (S.D. Miss. Dec. 10, 2019) ("The three-month deadline to challenge an arbitration award is absolute, and not subject to a 'discovery rule' or 'equitable tolling.'" (quoting *Mitchell v. Franchise Servs. of N. Am., Inc.*, 2019 WL 6135058, at *4 (S.D. Miss. Nov. 19, 2019) (quoting *Cigna Ins. Co.,* 1993 WL 58742, at *11)); *see also Allen Cohrs/Allen Cohrs Farms v. Agrilogic Ins. Servs., LLC*, 2024 WL 2989735 at *4 (S.D. Tex. May 8, 2024) ("Although there is a split among circuits on the issue whether equitable tolling applies to extend the deadlines in 9 U.S.C. § 12, the Fifth Circuit is among the circuits holding that equitable tolling does not apply."), *rec. accepted sub nom. Cohrs v. AgriLogic Ins. Servs., LLC*, WL 3245638 (S.D. Tex. June 28, 2024), *appeal dism'd sub nom. Cohrs / Allen Cohrs Farms v. Agrilogic Ins. Servs., L.L.C.*, 2025 WL 2104685 (5th Cir. Apr. 9, 2025).

C

Booker-Luton failed to serve timely notice of her petition to vacate the Award on Amgen or its counsel. She maintains that "service was completed . . . [on] July 10, 2026[.]" P. Reply (ECF No. 15) at 1-2. Under the three-month deadline imposed by 9 U.S.C. § 12,

---

[5]Under 5th Cir. R. 47.5.3, "[u]npublished opinions issued before January 1, 1996, are precedent."

Booker-Luton was required to serve notice on Amgen or its attorney by June 30, 2026. Although Booker-Luton attributes the delay in service to an administrative error in the clerk's office and a USPS shipping issue, these circumstances are immaterial because they depend on equitable tolling, which is unavailable in this circuit for demonstrating compliance with the notice requirements of 9 U.S.C. § 12.

D

Accordingly, because Booker-Luton failed to serve Amgen within the three-month period prescribed by 9 U.S.C. § 12, her petition is untimely, and she cannot seek judicial review of the Award. *See Mai*, 2023 WL 5986464, at *3. Her petition is, accordingly, denied.

VII

The court now turns to Amgen's petition to confirm the Award.

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9). Because the Award—which favors Amgen—has not been vacated, modified, or corrected, the court grants Amgen's petition to confirm the Award. *See Bautista v. PricewaterhouseCoopers LLP*, 2025 WL 2773813, at *5 (N.D. Tex. Sept. 29, 2025) (Fitzwater, J.).

* * *

For the reasons explained, the court denies Booker-Luton's petition to vacate the Award and grants Amgen's petition to confirm the Award. The court will enter judgment in favor of Amgen.

**SO ORDERED**.

October 20, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE